UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MATTHEW ALEXANDER NICOLL,           :
                                    :
        Petitioner,                 :   Civ. No. 17-6460 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
        Respondent.                 :
_____ :

APPEARANCES:
Matthew Alexander Nicoll, No. 79624-083
FCI – Ft. Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Matthew Alexander Nicoll, a prisoner confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his sentence.[1]  ECF No. 1.  At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  See also 28 U.S.C. § 2243.  For the reasons set forth below, the Petition will be dismissed.

---

[1] Petitioner also filed an application to proceed in forma pauperis, ECF No. 1-1, which the Court will grant.

I.  BACKGROUND

On June 27, 2012, the United States District Court for the Eastern District of Virginia sentenced Petitioner to 170 months' imprisonment for distribution of images of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) pursuant to a plea agreement.  See E.D. Va. No. 12-cr-10, ECF Nos. 14 (plea agreement), 24 (sentencing transcript) and 25 (judgment of conviction).  Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on November 21, 2016, ECF No. 36, and on February 24, 2017, the court construed it as a motion to reduce sentence and entered an order denying the petition on the merits.  E.D. Va. No. 12-cr-10, ECF No. 40.  In the Order, the Court noted that the amendment to the sentencing guidelines raised by Petitioner was not retroactive and, even if it were, that sentencing guideline amended did not apply to Petitioner's sentence.  See id.

On August 28, 2017, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum of law with this Court, requesting that his sentence be reduced in light of amendments to the U.S. Sentencing Guidelines §§ 2G2.1(b)(3), 2G2.2(b)(3)(B), and 2G3.1, which were amended by Amendment 801.  ECF No. 1 (petition), 1-2 (memorandum of law).  The Petition is substantively identical to Petitioner's § 2255 Motion filed with the Eastern District of

2

Virginia, which was denied on the merits. Compare E.D. Va. No. 12-cr-10, ECF No. 36, with D.N.J. No. 17-cv-6460, ECF No. 1-2.

II. DISCUSSION

    A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n.3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2241, 2254.

    B. Analysis

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to

vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  Id.  To the contrary, the

court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Under Dorsainvil and its progeny, this Court can exercise § 2241 jurisdiction over this Petition if, and only if, Petitioner demonstrates: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251-52; Cradle, 290 F.3d at 539; Okereke, 307 F.3d at 120; Trenkler v. Pugh, 83 Fed.Appx. 468, 470 (3d Cir. 2003).

In the instant matter, Petitioner does not allege facts to bring him within the Dorsainvil exception. He does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, Petitioner simply re-argues the arguments raised in his § 2255 Motion challenging his sentence in light of an allegedly retroactive change to the sentencing guidelines, an argument that was rejected on the merits by the Eastern District of Virginia. Accordingly, this Court lacks jurisdiction to

5

entertain this challenge to Petitioner's conviction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Court of Appeals for the Fourth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). The Court finds that it is not in the interests of justice to transfer this habeas petition to the Fourth Circuit as it does not appear Petitioner can satisfy the requirements of § 2244(b)(2). This Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Fourth Circuit on his own.

III. CONCLUSION

For the foregoing reasons, the habeas petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order will be entered.


Dated: February 16, 2018          s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.